## No. 3313

### Second Circuit

## RUSTON FOUNDRY & MACHINE SHOP, LIMITED, v. LIEBER

(January 21, 1929.  Opinion and Decree.)

Lamar Polk, of Alexandria, attorney for plaintiff, appellee.

T. A. Carter, of Alexandria, attorney for defendant, appellant.

ODOM, J. Plaintiff brings this suit against the defendant to recover $166.70, for goods and merchandise sold and delivered to him and for services rendered.

It is admitted in answer that the amount sued for is due the plaintiff, but defendant alleged that he was entitled to a credit of $117.52, as per the itemized account filed. The defendant filed a plea of prescription of three years in bar of two items on plaintiff's account, and plaintiff filed a similar plea as to all items on defendant's account, except one. There was judgment in the lower court in favor of plaintiff for $138.94, less a credit of $24.00. The defendant appealed and plaintiff has answered the appeal, asking that the judgment be amended so as to allow plaintiff the full amount sued for.

## OPINION.

The judgment appears to be correct. Two items on plaintiff's account, one amounting to $6.60 and one for $21.16, are prescribed on the face of the account. The total of these items, or $27.76, was deducted by the lower court from the amount sued for, leaving a balance of $138.94. The court also gave defendant credit for $24.00, which amount was admitted to be due defendant by plaintiff by witnesses called for plaintiff. This latter amount was not credited on the account attached to plaintiff's petition, as it should have been.

The only defense urged by defendant was that plaintiff was due him the sum of $117.52, which he plead as a set-off against plaintiff's account. Counsel for plaintiff suggests that defendant could not properly plead his account as a set-off against the amount claimed by plaintiff. Whether he could or could not do so need not be discussed or decided by us, for the reason that defendant failed to prove his account. His account consists of three main items: one, for $14.25, for work done on an automobile, and another, for $30.97, for certain materials furnished plaintiff by defendant for certain cars which were owned by it. But the witnesses called for plaintiff emphatically deny that they had ordered any such work done, or ordered the materials. Defendant testified that he had furnished the materials and had done the work, but he had no written orders for the work or the materials, but said something about a "phone" order. However, as stated, the witnesses for plaintiff specifically deny any indebtedness whatever to defendant.

Another item on defendant's account is for the over-hauling of one Chevrolet car, and furnishing parts and labor for the same, amounting to $48.30. While it is not denied that defendant did the work and furnished parts for the Chevrolet car, yet the testimony shows that the said car belonged to one Gremillion, who was an employee of the plaintiff company. The plaintiff company was in no way liable for work done on Gremillion's private car.

The other item on defendant's bill is $24.00, which plaintiff admits to be due and for which the lower court gave credit.

We do not pass on plaintiff's plea of prescription for the reason that, as already stated, defendant failed to prove his account.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be affirmed, with costs in both courts.